**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Case No. 2:24-cr-00092(4)** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| BLAKE MANKIN, | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before this Court on *pro se* Defendant Blake Mankin's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 129). The Government opposes Defendant's motion. (ECF No. 130). For the reasons set forth herein, that motion is **DENIED.**

### II. BACKGROUND

In 2025, Defendant pled guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Anabolic Steroids. (ECF No. 60). Defendant was sentenced to 12 months and one day in prison on August 15th, 2025. *Id.* Almost five months later, Defendant asserts that as a matter of his extraordinary and compelling circumstances, this Court should reduce or modify his sentence and order the remainder of his sentence to be carried out in home confinement so that he can access drug rehabilitation programs. (ECF No. 129). The Government has responded in opposition to the Motion. (ECF No. 130). It is now ripe for review.

### III. STANDARD OF REVIEW

A sentencing court "may reduce the term of imprisonment" by granting compassionate release upon a defendant's motion following "the lapse of 30 days from the receipt of [defendant's] request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). For defendants under age 70 who have administratively exhausted their remedies, see *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020), the court must: (1) find that "extraordinary and compelling reasons warrant such a reduction" in the term of imprisonment; (2) consider the applicable sentencing factors that are set forth in 18 U.S.C. § 3553(a); and (3) determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i); *United States v. Bricker*, 135 F.4th 427, 433 (6th Cir. 2025). The defendant bears the burden of showing that the extraordinary and compelling reasons warrant a reduction and persuading the court that the section 3553(a) factors weigh in favor of granting the motion. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc). These requirements are necessary prerequisites, and the defendant's failure to satisfy any of the three is alone sufficient for denial. Where the defendant fails to satisfy a prerequisite, the court "do[es] not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). And even when all conditions are met, the district court maintains discretion to grant or deny compassionate release. *United States v. Jones*, 980 F.3d 1098, 1101–02, 1106 (6th Cir. 2020) ("[T]he compassionate release decision is discretionary, not mandatory.").

### IV. LAW AND ANALYSIS

Mankin has not shown extraordinary or compelling reasons warranting compassionate release. Additionally, this Court lacks the power to give Mankin part of the relief he seeks. For these two independent reasons, Mankin's Motion **FAILS**.

### A.  Mankin's Proposed Home Confinement

For the purposes of deciding if Mankin's proposed home confinement is a remedy this Court *can* provide, this Court assumes that Mankin has displayed an extraordinary and compelling circumstance and met all requirements under 18 U.S.C. § 3582(c).

A district court has no inherent authority to modify a sentence that is otherwise valid. *United States. v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009).  The authority of the court to modify a sentence is limited by statute to specific circumstances. *U.S. v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008). "[N]o statutory authority allows a district court to order a defendant's immediate release to home confinement via a post-judgment motion in a criminal case." *United States v. Bravata*, 2023 WL 6146991, at *2 (6th Cir. Sept. 20, 2023). Instead, the Bureau of Prisons has sole discretion to designate where a prisoner is to be imprisoned. *Id.*

Here, Mankin filed a post-judgement motion in his criminal case to request that this Court modify his sentence and order Mankin to serve out the remainder of the sentence in home confinement.  This is a remedy this Court does not have the authority to provide, even if Defendant did meet all the factors contained in 18 U.S.C. § 3582(c).

### B. Mankin Doesn't Demonstrate Extraordinary and Compelling Reasons

This Court first considers[1] whether extraordinary and compelling reasons warrant a permanent reduction in Mankin's final sentence such that granting compassionate release would be appropriate. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Mankin bears the burden of establishing the existence of extraordinary and compelling reasons justifying compassionate release. *United States v. McGrath*, 2021 WL 363548, at *4 (S.D. Ohio Feb. 3, 2021). Extraordinary and compelling

---

[1] Normally, this Court would consider, as a threshold matter, whether Mankin has exhausted his administrative remedies, but here the Government concedes that he has. (ECF No. 130 at 4).

reasons are those that are "unusual, rare, and forceful"—they cannot be "ordinary" or "routine." *McCall*, 56 F.4th at 1055.

Mankin's central argument for compassionate release seems to be that, because of his 366-day sentence, he is unable to receive the "proper" substance abuse treatment in prison. (ECF No. 129 at 4). Mankin argues that were he to be released, he would be able to receive that treatment at various treatment facilities and properly rehabilitate himself into society. *Id.* Without the proper treatment, Mankin claims he would be likely to reoffend. *Id.* at 14. Mankin's argument can only be understood to provide two justifications for compassionate release: a rehabilitative purpose and a medical necessity.

Mankin's circumstances are neither extraordinary nor compelling on either or both justifications. Pursuant to 28 U.S.C.A. § 994(t), rehabilitation of a criminal defendant can never alone create an extraordinary or compelling reason for compassionate release. Mankin's argument is, at bottom, a direct request to be released for a rehabilitative purpose. He argues that release would allow him to enter a treatment program that he believes would better support his recovery and reduce his risk of reoffending. *Id.* But that is exactly the kind of rehabilitation-based argument that § 994(t) says cannot, by itself, justify compassionate release.

Nor does Mankin's claim establish medical necessity. He does not claim that he faces imminent death, serious injury, or any immediate medical harm if he remains incarcerated. That makes his claim weaker than the one rejected in *United States v. Williams*, where the defendant suffered from thrombophilia and recurrent deep vein thrombosis, alleged inadequate treatment in prison, and still failed to show extraordinary and compelling medical circumstances. *United States v. Williams*, 161 F.4th 951, 953 (6th Cir. 2025). Unlike *Williams*, Mankin does not identify a serious physical condition requiring specialized care, nor does he allege that remaining in custody places him at

risk of serious deterioration or death. His argument is only that, because of the length of his sentence, he cannot access the rehabilitative treatment program he prefers. These arguments cannot sustain the weight of Mankin's burden to show an extraordinary and compelling reason for sentence reduction.

## V. CONCLUSION

Mankin has failed to show that extraordinary or compelling circumstances stemming from his inability to access RDAP substance abuse programs would warrant a reduction in his sentence. Because Mankin has failed to establish an extraordinary and compelling reason for release, the Court need not proceed to the § 3553(a) factors. His Motion is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 2, 2026**